IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01049-PAB

UNITED STATES OF AMERICA,

    Petitioner,

v.

KELLY ROE,
as Member of Roe Ecological Services LLC,
a/k/a Wildlife Property Management LLC, and
CHRISTOPHER ROE,
as Member of Roe Ecological Services LLC,
a/k/a Wildlife Property Management LLC,

    Respondents.

---

## ORDER DENYING RULE 59(e) MOTION

---

This matter is before the Court on respondents' motion and brief [Docket Nos. 19, 20] brought pursuant to Federal Rule of Civil Procedure 59(e). Because Rule 59(e) circumvents the normal appeals process, relief under the rule is strictly prescribed: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Post-judgment motions are not available as a means to rehash or revisit arguments already advanced and rejected by the Court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). Furthermore, they "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012. Finally, the decision to grant a Rule 59(e) motion in lieu of an appeal is dedicated to the discretion of the district court. *See Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996 ("[I]n determining whether to grant or deny a Rule 59(e) motion to alter or amend the judgment, the district court is vested with considerable discretion.").

The Roes' Rule 59(e) motion merely reasserts the arguments they offered in their original response and brief [Docket Nos. 7, 8]. The arguments are based on the Roes' belief that Roe Ecological Services, LLC, which they own and control, is disregarded for tax purposes and, therefore, its identity essentially melds with the Roes in all respects. Based on this conclusion, the Roes contend that the Fifth Amendment prevents the government from seeking business records from the LLC because those records are, for all practical and legal purposes, the Roes' records. The government has argued that Roe Ecological Services is a collective entity and, therefore, has its own identity separate and apart from the Roes. As a result, the government contends that Roe Ecological Services may not assert the Roes' Fifth Amendment rights in order to avoid producing Roe Ecological Services' records.

"The Internal Revenue Code prescribes the classification of various organizations for federal tax purposes. Whether an organization is an entity separate

2

from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law." 26 C.F.R. § 301.7701-1. The Roes contend that, under federal tax law, Roe Ecological Services is a disregarded entity for tax purposes because it is a single-member LLC. According to tax regulations, "[a] business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship . . . ." 26 C.F.R. § 301.7701-2(a). The Roes claim that, because there has been no election to treat Roe Ecological Services as a corporation, it is a disregarded entity. *See* 26 C.F.R. § 301.7701-3(b)(1) & (b)(ii) ("Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a domestic eligible entity is . . . [d]isregarded as an entity separate from its owner if it has a single owner."). The Roes also claim that although Roe Ecological Services has two owners – i.e., the Roes – in the eyes of the tax code, it is owned by a single person. To arrive at this fiction, the Roes rely on § 6231 of the Internal Revenue Code which states that, "[f]or purposes of this subchapter . . . [e]xcept to the extent otherwise provided in regulations, a husband and wife who have a joint interest in a partnership shall be treated as 1 person." 26 U.S.C. § 6231(a) & (a)(12) (2006); *see also* 26 U.S.C. § 6231(a)(1)(B)(i); 26 C.F.R. § 301.6231(a)(1)-1.

What the Roes fail to recognize is that the operative language for purposes of this case is the prefatory phrase: "[f]or purposes of this subchapter." The subchapter in question is Subchapter C of Chapter 63 of Subtitle F of the Internal Revenue Code. Subchapter C involves the "Tax Treatment of Partnership Items." Subchapter C sets forth a number of rules and procedures to be applied to a distinct group of partnerships:

those with more than ten partners and those which otherwise elect to be covered by the subchapter. *See* 26 U.S.C. § 6231(a)(1)(B)(i) (2006) ("The term "partnership" shall not include any partnership having 10 or fewer partners each of whom is an individual . . . ."); 26 U.S.C. § 6231(a)(1)(B)(ii) (2006) ("A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply."). Therefore, the treatment of married partners as a single partner pursuant to § 6231(a) applies only in determining Subchapter C's applicability to a particular partnership; it has no bearing on an entity's status or treatment in the rest of the tax code.

In determining Roe Ecological Services' status for tax purposes, both Mr. Roe and Ms. Roe are properly included. As a consequence, even under the Roes' set of facts, Roe Ecological Services has two members, not one. Under the tax code, "[a] business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership." 26 C.F.R. § 301.7701-2(a). Such an entity is not disregarded for federal tax purposes. This conclusion seriously undermines the Roes' Fifth Amendment argument.

That being said, in determining the applicability of Fifth Amendment protections to non-corporate entities, the inquiry often goes beyond the mere number of partners. Courts contemplate the nature of the entity and the nature of the records being sought. *See Bellis v. United States*, 417 U.S. 85, 101 (1974) ("This might be a different case if it involved a small family partnership . . . .") (citing *United States v. Slutsky*, 352 F. Supp. 1105 (S.D.N.Y. 1972); *In re Subpoena Duces Tecum*, 81 F. Supp. 418 (N.D. Cal. 1948)); *United States v. B & D Vending, Inc.*, 398 F.3d 728, 734 (6th Cir. 2004) ("[T]he key question is whether the records are those of a 'collective entity' which are held by

4

an individual in a representative capacity."). According to the Sixth Circuit, "the relevant questions are: (1) whether the entity whose records are being summoned is 'relatively well organized and structured,' (2) whether the records are the records of the organization, and (3) whether the records are held in a representative capacity." *United States v. B & D Vending, Inc.*, 398 F.3d 728, 733 (6th Cir. 2004) (quoting *Bellis*, 417 U.S. at 92-93).

The Roes make several factual averments in an attempt to establish that Roe Ecological Services is not well organized and structured. The Court is unconvinced. Unlike some of the ad hoc, de facto partnerships that may exist, the Roes purposely formed an LLC. In Colorado, this requires the affirmative act of filing of articles of organization with the Secretary of State. Colo. Rev. Stat. §§ 7-80-203-204 (2010). Colorado law also provides detailed rules regarding the management and operation of these entities. *See generally* Colo. Rev. Stat. § 7-80-301 *et seq.* (2010). The effect of compliance is that the members of an LLC are generally shielded from liability in a way the partners in a general partnership often are not.

While the Roes argue that their management of Roe Ecological Services has not complied with many of the rules surrounding LLCs and thereby undermined their limited liability, those assertions are not enough to undermine the LLC's status as a "collective entity." The Court has no assurance that, faced with liability for the LLC's activities, the Roes would in fact disavow the protections. Furthermore, if the Roes truly intended to disavow the LLC form, they possess an unequivocal method of doing so: dissolving the entity. *See* Colo. Rev. Stat. § 7-80-801 to 7-80-803 (2010). They have not. As the Ninth Circuit noted in an unpublished case, "[h]aving chosen to organize [their]

5

businesses as LLCs and obtain the benefits of that business structure, [the owners] cannot now disregard the creation of these separate entities to obtain Fifth Amendment protection for [their] companies' records." *United States v. Feng Juan Lu*, 248 Fed. App'x 806, 808 (9th Cir. 2007).

With respect to the other two questions from *B & D Vending, Inc.* – whether the records are the records of the organization and whether the records are held in a representative capacity – these concerns are addressed in the nature of the summonses at issue. The government has limited its inquiry to information regarding Roe Ecological Services. *See* United States' Pet. to Enforce Internal Revenue Service Summonses [Docket No. 1], exs. A, B, C, D, E, F, G, H (Summonses). The government has not sought the personal records of the Roes. Therefore, the Court reiterates its conclusion that the information at issue is not personal to the Roes and, therefore, they have no Fifth Amendment right to withhold it. The Court finds no error in its previous conclusion that Roe Ecological Services is a collective entity for federal tax purposes.

"[T]he Fifth Amendment privilege against compulsory self-incrimination protects an individual from compelled production of his personal papers and effects as well as compelled oral testimony." *Bellis v. United States*, 417 U.S. 85, 87 (1974). "The protection extends to the business records of a sole proprietor or sole practitioner." *United States v. B & D Vending, Inc.*, 398 F.3d 728, 733 (6th Cir. 2004) (citing *Bellis*, 417 U.S. at 87-88). "On the other hand, . . . an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a

6

representative capacity, even if these records might incriminate him personally. " *Bellis*, 417 U.S. at 88. Therefore, the Court sees no error in its previous conclusion that the Fifth Amendment will not prevent the United States from summoning the records of Roe Ecological Services.

In conclusion, the Court finds that it has not misapprehended the facts, a party's position, or the controlling law. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Furthermore, there has been no intervening change in the controlling law, new evidence previously unavailable, or clear error or likelihood of manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As a result, it is

**ORDERED** that respondents' Rule 59(e) motion [Docket No. 19] is DENIED. It is further

**ORDERED** that the Court's stay [Docket No. 22] of its order [Docket No. 15] enforcing summonses is LIFTED. It is further

**ORDERED** that respondents shall contact Revenue Agent Tommy McDonald at (970) 495-1368 on or before **Tuesday, September 14, 2010** in order to arrange the date and time for production and testimony and that, if the parties are unable to mutually agree upon a date and time, respondents shall produce the documents and testimony required in the summonses to Revenue Agent Tommy McDonald, or any IRS officer designated by Revenue Agent Tommy McDonald, on **Tuesday, September 21, 2010** at 10:00 a.m. at 301 South Howes St., Suite 302, Fort Collins, Colorado 80521. It is further

**ORDERED** that respondents' non-compliance with the terms and conditions of this order may serve as grounds for a finding of civil contempt against them.

DATED September 8, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge