IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01049-PAB

UNITED STATES OF AMERICA,

    Petitioner,

v.

KELLY ROE,
as Member of Roe Ecological Services LLC,
a/k/a Wildlife Property Management LLC, and
CHRISTOPHER ROE,
as Member of Roe Ecological Services LLC,
a/k/a Wildlife Property Management LLC,

    Respondents.

---

## ORDER DENYING MOTION TO STAY

---

This matter is before the Court on respondents' motion [Docket No. 26] to stay the judgment in this case [Docket No. 16] pending appeal. "[A]s part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, --- U.S. ----, 129 S. Ct. 1749, 1754 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)) (quotation marks omitted).

> "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co.* [*v. United States*, 272 U. S. 658, 672 (1926)]. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.*, at 672-673; *see Hilton* [*v. Braunskill*, 481 U.S. 770, 777 (1987)] ("[T]he traditional stay factors contemplate individualized judgments in each case"). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g., Clinton v.*

> *Jones*, 520 U.S. 681, 708 (1997); *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).
>
> The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion . . . . '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)). As noted earlier, those legal principles have been distilled into consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, supra, at 776. There is substantial overlap between these and the factors governing preliminary injunctions, *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. ----, ----, 129 S. Ct. 365, 376-77 (2008); not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined.
>
> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." *Sofinet v. INS*, 188 F.3d 703, 707 (CA7 1999) (internal quotation marks omitted). Even petitioner acknowledges that "[m]ore than a mere 'possibility' of relief is required." Reply Brief for Petitioner 21 (quoting Brief for Respondent 47). By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (CA9 1998), fails to satisfy the second factor. As the Court pointed out earlier this Term, the "'possibility' standard is too lenient." *Winter*, supra, at ----, 129 S. Ct., at 375.

*Nken*, 129 S. Ct. at 1760-1761.

Although *Nken* discusses an appellate court's stay of a district court judgment, district courts apply the same analysis in deciding whether to stay their own judgments. *See, e.g., Mainstream Marketing Services, Inc. v. F.T.C.*, 284 F. Supp. 2d 1266, 1268 (D. Colo. 2003); *Perry v. Schwarzenegger*, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010); *United States v. Judicial Watch, Inc.*, 241 F. Supp. 2d 15, 16 (D.D.C. 2003); *see*

2

*also* 11 Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2904 (2d ed. 2010).

The Court concludes that, under the four factors, a stay is not warranted in the present case. In particular, respondents have failed to make the necessary showing of the first two factors, the factors which the Court in *Nken* characterized as "the most critical." 129 S. Ct. at 1761. The Court has twice evaluated the merits of respondents' arguments and twice rejected them. Consequently, respondents have not demonstrated that there is a likelihood that they will succeed on the merits. Furthermore, respondents' motion does not elaborate on the exact nature of the irreparable harm they would purportedly suffer in the absence of a stay. Presumably, the allegation of irreparable harm is rooted in the fact that a subsequent appellate ruling cannot undo the production of documents. This fact alone is not sufficient. "Several courts have held that the production of documents in response to an IRS summons is not sufficient irreparable injury to qualify for a stay of enforcement." *United States v. Diversified Group, Inc.*, No. M 18-304 PKL, 2002 WL 31812701, *1 (S.D.N.Y. Dec. 13, 2002) (citing *United States v. Sweet*, No. 80-5046, 1980 WL 4702, at *1 (5th Cir. Jan. 31, 1980); *Simmons v. United States*, No. CV-F-94-5500, 1995 WL 149353, at *3-4 (E.D.Cal. Mar.6, 1995), *aff'd*, 86 F.3d 1163 (9th Cir. 1996); *United States v. Barth*, 591 F. Supp. 91, 101 (D. Conn.), *aff'd in part and rev'd in part*, 745 F.2d 184 (2d Cir. 1984); *United States v. Blackburn*, 538 F. Supp. 1385, 1387 (M.D. Fl. 1982)). This Court agrees. Without a more specific indication from the respondents as to the harm they would suffer and how it would be irreparable, the Court cannot find that they have

3

satisfied the second factor either.  Therefore, respondents are not entitled to a stay of the Court's judgment enforcing the summonses while their appeal is pending.  However, in order to account for the time spent litigating the present motion, the schedule for enforcing the summonses, which has been set by an order of this Court [Docket No. 24], will be amended.

Therefore, it is

**ORDERED** that respondents' motion to stay this case pending appeal [Docket No. 26] is DENIED.  It is further

**ORDERED** that respondents shall contact Revenue Agent Tommy McDonald at (970) 495-1368 on or before **Tuesday, September 28, 2010** in order to arrange the date and time for production and testimony and that, if the parties are unable to mutually agree upon a date and time, respondents shall produce the documents and testimony required in the summonses to Revenue Agent Tommy McDonald, or any IRS officer designated by Revenue Agent Tommy McDonald, on **Tuesday, October 5, 2010** at 10:00 a.m. at 301 South Howes St., Suite 302, Fort Collins, Colorado 80521.  It is further

**ORDERED** that respondents' non-compliance with the terms and conditions of this order may serve as grounds for a finding of civil contempt against them.

DATED September 20, 2010.

                                       BY THE COURT:

                                       s/Philip A. Brimmer
                                       PHILIP A. BRIMMER
                                       United States District Judge